UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**KIERA MATHIS, MINOR OFFSPRINGS;**

  *Plaintiff*,

v.

                           Case No.  SA-22-CV-01277-JKP

**BEXAR COUNTY, JUDGE RICHARD GARCIA, ARLENE HERRERA,**

  *Defendants*.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is U.S. Magistrate Judge Richard B. Farrer's Report and Recommendation (R&R) entered in the above-captioned case. *See* ECF No. 12. Plaintiff Kiera Mathis, who appears *pro se*, attempted to file objections which were docketed as a Notice of Appeal. *See* ECF No. 15. The Fifth Circuit, recognizing the R&R is not an appealable order, dismissed the Notice of Appeal. *See* ECF No. 16. The Court construes Mathis' filing as objections to Judge Farrer's R&R, based on her clear intent, and considers them accordingly. In his R&R, Judge Farrer recommends the case be dismissed as frivolous and malicious, pursuant to 28 U.S.C. § 1915(e). *See* ECF No. 12. After due consideration, the Court **MODIFIES** the R&R's findings, consistent with this order, **ADOPTS** the R&R's recommendation to dismiss the case as frivolous, and **DISMISSES** the case with prejudice, pursuant to 28 U.S.C. § 1915(e).

## BACKGROUND

Mathis alleges multiple constitutional violations stemming from a 2019 investigation by the Texas Department of Family and Protective Services. *See* ECF Nos. 3, 5, 7, 11. In June or

July of 2019, Department caseworker Arlene Herrera sought emergency temporary custody of Mathis's children due to allegations of neglect. Judge Richard Garcia authorized emergency removal after an *ex parte* hearing on August 27, 2019. Judge Garcia found, in pertinent part, that:

> there is an immediate danger to the physical health or safety of the children or the children have been the victims of neglect or sexual abuse or trafficking under §§ 20.A.02 or 20.A.03, Penal Code, on one or more occasions and that continuation in the home of KIERA MATHIS, JAMAL NEWTON, MARK SHELTON JR or CECIL WRIGHT JR would be contrary to the children's welfare. . . .

*See* ECF No. 7 at 8. Mathis's children were temporarily removed from her custody by Herrera two days later. Judge Garcia then held a hearing with Mathis in attendance on September 16, 2019. Almost a year later, the Department returned Mathis's children to her custody because it was unable to substantiate the neglect allegations. Mathis later filed suit against the Department in both state and federal court, alleging violations of her constitutional rights. Both cases were ultimately dismissed.

Mathis filed an application with this Court to proceed *in forma pauperis* ("IFP") on November 21, 2022. *See* ECF No. 1. Mathis's proposed complaint asserted various constitutional violations under 42 U.S.C. § 1983 against Bexar County, Judge Garcia, and Herrera, as well as violations of several federal statutes, all stemming from the events of 2019. *See* ECF No. 7. Judge Farrer, to whom this matter was referred to consider Mathis's IFP application, ordered Mathis to show cause why her complaint should not be dismissed as time-barred, frivolous, and duplicative of her earlier litigation efforts. *See* ECF No. 6.

In response, Mathis filed an Amended Complaint, narrowing and clarifying her claims against each Defendant. *See* ECF No. 11. While Mathis has dropped her non-viable claims asserting violations of the False Claims Act and Parental Rights and Responsibilities Act of

1995, she adds a claim for common-law fraud against Judge Garcia. Mathis reasserts her § 1983 constitutional violations against all Defendants and includes a section on *Monell* municipal liability. Mathis does not otherwise address or attempt to distinguish this action from her earlier lawsuits. After reviewing Mathis's Amended Complaint, Judge Farrer issued an R&R recommending the Court dismiss the case as frivolous and malicious, pursuant to § 1915(e).

## LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the Court reviews *de novo* those portions of the R&R to which an objection is made. *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Frivolous, conclusive, or general objections, however, need not be considered. *Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court reviews portions of the R&R for which no objection was made to determine if they are clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## DISCUSSION

Where, as here, the plaintiff has sought leave to proceed *in forma pauperis* (in other words, without paying the filing fee), § 1915 requires that the Court "dismiss the case at any time" if it determines that "the action … is frivolous or malicious," or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). A claim is frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). An IFP action is "malicious" where "it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019); *see McGee v. Acevedo*,

849 Fed. App'x 133, 134 (5th Cir. 2021). Courts may also raise *sua sponte* "affirmative defenses that are apparent from the record." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

Judge Farrer's R&R made the following findings: (1) Judge Garcia has absolute immunity from Mathis's claims; (2) Mathis's § 1983 claims are duplicative of her previous state and federal lawsuits and remain time-barred; and (3) Mathis failed to plead any fraud claims with particularity. Judge Farrer further recommends dismissing the case as frivolous and malicious, pursuant to 28 U.S.C. § 1915(e). In her objections to the R&R, Mathis argues (1) her case should not be dismissed as malicious because she asserts a new cause of action in this case, fraud; (2) her fraud cause of action is not time-barred because the statute of limitations is four years and fewer than four years have passed since the events giving rise to this lawsuit; (3) Judge Garcia is not entitled to immunity because he committed fraud on the court; and (4) Mathis's claims should not be dismissed as frivolous because she has evidence to support them.

Because Mathis raises objections to Judge Farrer's R&R, the Court reviews his findings and recommendations *de novo*. The Court agrees with Judge Farrer's finding that Judge Garcia is entitled to immunity because judges performing duties in their judicial capacity are immune from suit. *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). Nothing in Mathis's amended complaint or objections refers to actions undertaken by Judge Garcia outside his judicial capacity. The Court further adopts Judge Farrer's finding that Mathis's § 1983 claims are duplicative of her previous state and federal lawsuits and time-barred. Indeed, Mathis pursued nearly identical claims against Herrera and the Department in federal court, and U.S. District Judge Xavier Rodriguez dismissed them as frivolous because they were time-barred by Texas's two-year statute of limitations. *See Mathis v. Texas Dep't of Fam. & Protective Servs.*, No. SA-21-CV-00898-XR, 2021 WL 4551194 (W.D. Tex. Oct. 5, 2021). The Court, therefore, adopts

4

Judge Farrer's findings that Judge Garcia is immune from suit and Mathis's § 1983 causes are frivolous, malicious, and time-barred.

The Court additionally agrees with Judge Farrer's finding that Mathis fails to plead a fraud cause of action with sufficient particularity. While it is true that Mathis's fraud allegation is new to this action, and therefore not maliciously filed, she still must meet the heightened pleading standard to bring a viable fraud cause. To assert a viable fraud cause, the plaintiff must at a minimum identify the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quotation omitted). The Court agrees with Judge Farrer that Mathis's allegations of fraud are too vague to meet the pleading standard. The Court, therefore, adopts Judge Farrer's finding that Mathis's fraud cause of action is frivolous, if not malicious. The result is the same. The action is dismissed pursuant to § 1915(e).

## CONCLUSION

After reviewing Judge Farrer's R&R *de novo*, the Court **MODIFIES** the R&R's findings, consistent with this order, **ADOPTS** the R&R's recommendation to dismiss the case as frivolous, and **DISMISSES** this case with prejudice, pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is instructed to enter a Clerk's Judgment and **CLOSE THIS CASE**.

It is so ORDERED.
SIGNED this 14th day of September, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE